**Alphonso JAMES, Sr., Petitioner–Appellant,**

v.

**WARDEN, FCC COLEMAN–MEDIUM, Respondent–Appellee.**

No. 12–12333

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 27, 2013.

Alphonso James, Sr., Coleman, FL, pro se.

Douglas Molloy, U.S. Attorney's Office, Fort Myers, FL, Karin Bethany Hoppmann, Michelle Thresher Taylor, Robert E. O'Neill, U.S. Attorney's Office, Tampa, FL, for Respondent–Appellee.

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In 1995, a jury found Alphonso James, Sr., guilty of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, based on James's prior felony convictions, the District Court applied an Armed Career Criminal Act (ACCA) enhancement and sentenced him to prison for a term of 262 months. After his conviction and sentence were affirmed on appeal, James mounted several collateral attacks on his conviction; none were successful.

On August 6, 2010, James petitioned the District Court for habeas corpus relief pursuant to 28 U.S.C. § 2241, contending that his sentence is invalid because the court erroneously imposed the ACCA sentencing enhancement; as a result, he received a sentence in excess of the statutory maximum sentence for a § 922(g)(1) offense. The court denied his petition, and he appeals. We affirm.

We review *de novo* the availability of § 2241 habeas relief and may affirm for any reason supported by the record. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir.2013). A collateral attack of a federal sentence must generally be brought under 28 U.S.C. § 2255. However, second and successive motions under § 2255 are barred except in certain circumstances not available here. *Id.; see* 28 U.S.C. § 2255(h) (requiring the court of appeals to certify the existence of either newly discovered evidence or a new rule of retroactively applicable constitutional law before a petitioner can file a second or successive § 2255 motion). In such situations, a petitioner may try to take advantage of the "savings clause" and seek relief pursuant to § 2241 if a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." *Turner*, 709 F.3d at 1331 (citing § 2255(e)). In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), *cert. denied*, —— U.S. ——, 132 S.Ct. 1001, 181 L.Ed.2d 743 (2012), we left open the question of whether a prisoner could bring, pursuant to § 2241, a claim of "pure *Begay* error,"— that the petitioner was sentenced in excess of what would have otherwise been the statutory maximum because of the application of 18 U.S.C. § 924(e). *Turner*, 709 F.3d at 1332. However, before we will resolve the question of whether relief is available pursuant to § 2241, a petitioner must demonstrate that he no longer qualifies for the enhancement pursuant to § 924(e). *Id.* at 1334–35.

James's § 922(g)(1) conviction carries a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). However, any person who violates § 922(g) and has "three previous convictions ... for a violent felony or a serious drug offence, or both, ... shall be ... imprisoned not less than fifteen years...." *Id.* § 924(e)(1). A "serious drug offense" is an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* or 21 U.S.C. § 951 *et seq.*, for which "a maximum term of imprisonment of ten years or more is prescribed by law" or a similar state offense. 18 U.S.C. § 924(e)(2)(A). A "violent felony" is any crime punishable by imprisonment for a term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B).

In *Begay,* the Supreme Court addressed the definition of a violent felony under § 924(e) and found that a felony offense of driving under the influence did not qualify as a predicate violent felony under the ACCA. *Begay v. United States,* 553 U.S. 137, 144–48, 128 S.Ct. 1581, 1586–88, 170 L.Ed.2d 490 (2008). However, an armed robbery conviction is "undeniably a conviction for a violent felony." *United States v. Dowd,* 451 F.3d 1244, 1255 (11th Cir.2006). Similarly, we have affirmed, when unchallenged on appeal, that a robbery conviction in violation of Fla. Stat. Ann. § 812.13 is a predicate offense under the ACCA. *United States v. Gandy,* 710 F.3d 1234, 1238 (11th Cir.2013); *see also United States v. Welch,* 683 F.3d 1304, 1310–14 (11th Cir.2012) (holding that a conviction under § 812.13(1) is a violent felony), *cert. denied,* —— U.S. ——, 133 S.Ct. 913, 184 L.Ed.2d 702 (2013).

In Florida, "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. Ann. § 893.13(1)(a). If the controlled substance is listed in Fla. Stat. Ann. § 893.03(2)(a), the violation is a felony of the second degree. *Id.* § 893.13(1)(a)(1). Cocaine and any derivative of cocaine is listed as a controlled substance under § 893.03(2)(a)(4). A felony of the second degree carries a maximum sentence of 15 years of imprisonment. Fla. Stat. Ann. § 775.082(3)(c).

In this case, the application of the ACCA enhancement resulted in James's sentence exceeding the otherwise applicable statutory maximum sentence of ten years. *See* 18 U.S.C. § 924(a)(2). As a result, he fits within the opening left by *Gilbert* and *Turner* in the wake of *Wofford v. Scott,* 177 F.3d 1236 (11th Cir.1999). However, he has failed to demonstrate that he is entitled to relief under the sav-

ings clause of § 2255 because he still qualifies as an armed career criminal after *Begay.*

AFFIRMED.